| Enterprise v Shvo |
|:---:|
| 2024 NY Slip Op 33492(U) |
| September 28, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 653221/2024 |
| Judge: Andrea Masley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

----------------------------------------------------------------------------------X

JENNIE ENTERPRISE, DANGENE ENTERPRISE, CORE
GLOBAL HOLDINGS LLC, CORE GLOBAL VENTURES
LLC, and CORE 5TH AVENUE LLC, CORE SF LLC,

|   |   |
|---|---|
| INDEX NO. | 653221/2024 |
| MOTION DATE | - |
| MOTION SEQ. NO. | 002 |

Plaintiffs,

- v -

MICHAEL SHVO, SHVO CONCEPTS, LLC, SHVO
HOLDINGS INC., SHVO CAPITAL LLC, SHVO
DEVELOPMENT LLC, SHVO REALTY INVESTORS LLC,
SHVO, INC., SHVO ENTERPRISES LLC, SHVO
PROPERTY MANAGEMENT LLC, SHVO CARRY 711
LLC, SEREN MANAGING MEMBER 711 LLC, BH EJ
CORE LLC, 711 FIFTH AVE PRINCIPAL OWNER LLC,
BHSD TPC PROPCO LLC, DEUTSCHE FINANCE
AMERICA LLC, DEUTSCHE FINANCE GROUP,
UNIVERSAL INVESTMENT GESELLSCHAFT MBH,
UNIVERSAL INVESTMENT GROUP, and BAYERISCHE
VERSORGUNGSKAMMER,

**DECISION + ORDER ON
MOTION**

Defendants.

----------------------------------------------------------------------------------X

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 002) 16, 17, 18, 19, 20,
32, 33, 36, 37, 38, 39, 40, 41, 42, 43

were read on this motion to/for                                 SEAL                                                    .

Upon the foregoing documents, it is

    In motion sequence 002[1], defendants Michael Shvo, Shvo Concepts, LLC, Shvo

Holdings Inc., Shvo Capital LLC, Shvo Development LLC, Shvo Realty Investors LLC,

Shvo, Inc., Shvo Enterprises LLC, Shvo Property Management LLC, Shvo Carry 711

LLC, Seren Managing Member 711 LLC, BH EJ Core LLC move pursuant to the

Uniform Rules of the New York State Trial Courts (22 NYCRR) § 216.1 to seal and/or

---

[1] Defendants are reminded to follow Part 48 procedures.  Defendants motion to seal did
not contain a chart explaining the redactions it seeks nor a copy of the document with
the redactions highlighted.

**653221/2024   ENTERPRISE, JENNIE ET AL vs. SHVO, MICHAEL ET AL**
**Motion No.  002**

**Page 1 of 4**

redact NYSCEF Doc. No. [NYSCEF] 19 (Lease Agreement) and NYSCEF 20[2] (Memo of Law in support of Defendant's Motion to Dismiss.)  The motion is unopposed.

"Under New York law, there is a broad presumption that the public is entitled to access to judicial proceedings and court records." (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010] [citations omitted].)  The public's right to access is, however, not absolute, and under certain circumstances, "public inspection of court records has been limited by numerus statutes." (*Id.* at 349.)  One of those statutes is section 216.1 (a) of the Uniform Rules for Trial Courts, which empowers courts to seal documents upon a written finding of good cause.  It provides:

> "Except where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof.  In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties.  Where it appears necessary or desirable, the court may prescribe appropriate notice and opportunity to be heard." (22 NYCRR § 216.1.)

The "party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access" to the documents. (*Mosallem*, 76 AD3d at 349 [citations omitted].)  Good cause must "rest on a sound basis or legitimate need to take judicial action." (*Danco Lab Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 8 [1st Dept 2000] [internal quotation marks omitted].)

Defendants have failed to meet their substantial burden of establishing good cause to seal NYSCEF 19.  Wholesale sealing of the entire record is generally disfavored, even if both parties to the litigation request sealing.  (*See Applehead Pictures LLC v Perelman*, 80 AD3d 181, 192 [1st Dept 2010] [citation omitted].)

---

[2] A redacted copy is publicly available at NYSCEF 4.

**653221/2024   ENTERPRISE, JENNIE ET AL vs. SHVO, MICHAEL ET AL**                    **Page 2 of 4**
**Motion No.  002**

As to the more favorable redaction of confidential information NYSCEF 19, defendants fail to identify the specific information that is either sensitive financial information or confidential information in NYSCEF 19.

Defendants have demonstrated good cause to redact NYSCEF 20. A party "ought not to be required to make their private financial information public ... where no substantial public interest would be furthered by public access to that information." (*D'Amour v Ohrenstein & Brown*, 17 Misc 3d 1130[A], 2007 NY Slip Op 52207[U], *20 [Sup Ct, NY County 2007] [citations omitted].) Defendants have an interest in keeping lease clauses that contain financial and confidential information private and there has been no showing of a legitimate public interest in this information. Thus, NYSCEF 20 shall be sealed.

Accordingly, it is

ORDERED that defendant's motion sequence 002 is granted, in part; and it is further

ORDERED that defendants are permitted to move, by Order to Show Cause, to seal portions of NYSCEF 19 that contain financial and sensitive business information within 10 days of receipt of this order, if so advised. If defendants fail to move to seal within the stipulated period, the County Clerk will be directed to unseal this action; and it is further

ORDERED that the County Clerk shall seal NYSCEF 20; and it is further

ORDERED the New York County Clerk shall restrict access to the sealed documents with access to be granted only to authorized court personnel and designees, the parties and counsel of record in this action, and any representative of a party or of

653221/2024   ENTERPRISE, JENNIE ET AL vs. SHVO, MICHAEL ET AL                Page 3 of 4
Motion No.  002

3 of 4

[* 3]

counsel of record upon presentation to the County Clerk of written authorization from counsel; and it is further

ORDERED that the defendants serve a copy of this order upon the Clerk of the Court and the Clerk of the General Clerk's Office in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh)]; and it is further

ORDERED that if any party seeks to redact identical information in future filings that the court is permitting to be redacted here, that party shall submit a proposed sealing order to the court (via SFC-Part48@nycourts.gov and NYSCEF) instead of filing another seal motion; and it is further

ORDERED that this order does not authorize sealing or redacting for purposes of trial.

202A092822408AMASLEY959FF8D8F0E946A3A92BFA863F58E9D9

| 9/28/2024 | | | | | | |
|-----------|---|---|---|---|---|---|
| **DATE** | | | | **ANDREA MASLEY, J.S.C.** | | |
| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

653221/2024   ENTERPRISE, JENNIE ET AL vs. SHVO, MICHAEL ET AL
Motion No.  002

Page 4 of 4

4 of 4

[* 4]